JUSTICE COTTER
specially concurs.
¶25 I concur in the result reached by the Court, but offer additional, and simpler, grounds for my belief that the Court has reached the correct decision.
¶26 Section 3-1-804(1)(c), MCA, begins by addressing the situation where a district judge is “assigned to a cause for 30 consecutive days after service of a summons ..., and no motion for substitution of judge has been filed within said time period ....” The first sentence of this paragraph provides that in such a circumstance, and after the 30 days expires, the plaintiff and the party served with the summons will no longer have the right of substitution. The next sentence in the paragraph sets forth the rights of those subsequently served to move for a substitution of judge. It is this second sentence in § 3-1-804(1)(c), MCA, regarding the rights of the subsequently served, upon which Goldman Sachs relies for its position.
¶27 I maintain that placement of this contested language in the middle of the paragraph addressing what can occur when neither the original plaintiff nor the originally served defendant have moved for *296 substitution, is significant. It is the party who is “subsequently served” who has the right to move for substitution. To make any sense of § 3-1-804(1)(c), MCA, as a whole, the term “subsequently served” must refer back to the situation already described in the first sentence of the paragraph. In other words, once neither the original party nor the initially served defendants have timely moved for substitution, they lose that right, and a party “subsequently served” then has the opportunity to move for substitution.
¶28 Here, an originally served defendant, PPLM, did timely move for substitution. Once this occurred, the “subsequently served” party no longer had the right to seek substitution under § 3-1-804(1)(c), MCA.
¶29 This interpretation of the statute is inherently consistent with the general statement contained at § 3-1-804(1), MCA, that each adverse party is entitled to one substitution of judge, as a “subsequently served” defendant may only move for substitution if a previously served defendant has not done so. If one accepts this interpretation, it is not necessary to engage in the construction of the term “adverse party, “ as the District Court did, and as the majority and dissent do here.